UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

6/13/2015

ANTHONY KEVIN FIELDS
Fed No. 19555-083

5:15-cv-11135

FILED
JUL 15 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Civil Action No. 5:15-0918

V.

JOSEPH COAKLEY, Warden, et al.,

## MOTION FOR FEDERAL TORT IMPOSE CRUEL AND UNUSUAL PUNISHMENT WRONGFULLY IMPRISONMENT

I Anthony Fields is responding back to the court on this pro se motion to say that I pay my court filing fee of $5.00 for Writ of Habeas Corpus 28 U.S.C. §2241 in D.C. District Court that still open and I did not ask to come to FCI Beckley my constitutional was violated my due process when I was not suppose to leave District of Columbia and tell the outcome of my Writ of Habeas Corpus case No. 14-1629 so I am asking the court to hear my complaint because I pay a fee that was violated

Now the U.S. Parole Commission went Forward and illegally sentence me and transfer me to FCI Beckley without the legal jurisdiction in which to do so and give me a illegal sentence because there was no more time left on those two cases FEl 3620-04 and FEl 7573-04 For to sentence me to 26 months imprisonment and Bureau of Prisons is refusing to investigate my D.C. Jail credit and only count what they want to count sentence is over

Now under U.S.C.S. §3585 Calculation of a term Bureau of Prisons possesses the sole authority to make credit determintion now I have ask FCI Beckley to count all my D.C Jail credit that has not been count and subtract from computation of the sentence Now I have show head unit manager J. Bullock, case manager W. Craddock and Record Office Ms. Trump 10 months imprisonment in 2009 that has not count and subtract from the sentence the month of January 2012 I was imprison that was not count and the 32 day Jail credit they give credit for on new computation deta that has not been subtracted which FCI Beckley is refusing I sent I Freedom of information to Grand Prairie Tx with prove of my mising Jail credit under 18 U.S.C.S. §3585 (b) I am to receive all credit toward the service of term of imprisonment for any time I spent in detention prior to the date the sentence commences that make me being wrongfully detained Williams v. Steele (1952, CA8 mo) 194 F.2d 32, Reh den (1952, CA8 mo) 194 F.2d 917 and cert den (1952) 344 US 822 L.ed 640, 73 S Ct 20

FCI Beckley has been refusing me fair medical treatment I been having heart problem I need to see a heart specialist because I got a inlarge heart and my heart is not get enough blood and I am not get enough air in lung so that mean geting enough air to brain and heart and when I put in for sick call medical try to tell me I am all right when every day I am out of breath and put a big problem on my heart FCI Beckley do not want to document the problem to make responible if something happen to me I ask to see outside doctor. I ask about my test I took in District of Columbia they refused to tell me

All my BP8 complaint I never get back to stop my due process when I ask for a copy or response to my complaint I file I never back or get a BP9 when I ask for it

Now I am asking for the court investigated why I am still doing time on a sentence that been over calculated the time I done I need to get home and take my medical issue so I am ask court to order my release that mising Jail time put me home

Anthony Fields
Fed No. 18555-083
6/13/2015

# HEARING SUMMARY

Name: Fields, Anthony     Reg No: 18555-083

*FCI BECKLEY IS REFUSING TO INVESTIGATE MY JAIL CREDIT*

**Hearing Parameters**

  Hearing Format ............................: **In Person**
  Hearing Type ..............................: **Revocation (Local)**
  Hearing Date ..............................: February 5, 2009
  Examiner ..................................: Rob Haworth
  Institution ...............................: D.C. Correctional Treatment Facility
  Second Designation ........................: None

**Sentence Parameters**

  Sentence Type .............................: SRAA

  GL Credit for Mos in Custody Prior to Warrant Execution ............: 10 months
  Original Authorized Term of Supervised Release .....................: 60 months
  Maximum Authorized New Term of Imprisonment ........................: 60 months
  Total of New Terms of Imprisonment Previously Imposed ..............: 0 months
  Months in Custody on Previous Warrant Without Revocation ...........: 0 months
  Remaining Term of Supervised Release ...............................: 60 months
  Remaining Maximum New Term of Imprisonment .........................: 60 months

**Warrant Parameters**

  Supervision ...............................: **Supervised Release**
  Revoking District & Office ................: District of Columbia
  Warrant Execution Date ....................: 7/19/2008
  Probable Cause Date .......................: 10/15/2008

**Additional text regarding the above parameters:** The subject was arrested 9/19/2007 on a new criminal charge. He has been in continuous custody since that date. He was convicted 7/17/2008 and was sentenced to credit for the 10 months served with a suspended sentence and 6 months on supervised probation. For reparole guideline purposes, the subject has been in custody for 17 months as of 2/8/2009.

**Prior Action:** See the Prehearing Review dated November 20, 2008. This subject was released 1/26/2006 with 3 years supervised release.

**Counsel:** Attorney Alvin Thomas Jr.

Fields, Anthony, Reg. No. 18555-083                     Page 1 of 4

87

3617 14th Street, NW
Washington, DC 20036
Telephone (301) 203-0893

Witnesses: None.

**Procedural Considerations:** Attorney Thomas objected to the delays in this hearing and requested that the charges be dismissed and the subject be released based on the delays. Attorney Thomas is aware of the Commission's rules and various court decisions relating to the need to conduct Revocation Hearings in a timely fashion. This subject was arrested 9/19/2007 and the Commission's warrant was executed 7/19/2008. The Revocation Hearing is now occurring 2/5/2009 more than 7 months after the warrant was executed. Mr. Thomas stated that he had been unable to determine the specifics reasons why the Commission continued to delay this hearing. He stated that he was told by Commission staff that the case was overlooked by error. Sue Quarsel is subject's mother and attended the hearing. Ms. Quarsel stated that she called the Parole Commission several times and was told by Commission staff that work was being done on setting the Parole Hearing. However, Ms. Quarsel stated that she called over a period of several months before the parole date was finally set.

This examiner acknowledged that it appeared to be unwarranted delays in holding this hearing. However, the objection was overruled and the request to dismiss charges and release was denied.

This subject steadfastly maintains that he was not on supervised release for Contempt of Court. He indicated that his Judgment & Commitment Order clearly shows that supervised release was imposed on other counts was suspended on Contempt of Court. This has an effect on the maximum new term of imprisonment committed and the original authorized term of supervised release. The Prehearing Assessment shows that subject was convicted of Escape and Contempt of Court. The subject acknowledged this but maintained that he was not on supervised release for Contempt of Court. This did not have any Judgment & Commitment Orders in the examiner's packet available in the institution. There was no change made to the Prehearing Assessment as it relates to this matter. However, it should be checked out during the Administrative Review. If it is determined that supervised release was specifically suspended on the Contempt of Court conviction the changes should be made. Those changes will not effect the final decision made in this hearing nor will it change the recommendations as it relates to the amount of time to serve. It would change the maximum new term of imprisonment in the original authorized term of supervision, which would limit the amount of supervised release.

Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs:**
   Evidence Presented: The subject admitted the above charge. He acknowledged a drug addiction and stated that he has tried to overcome that addiction by participation in programs. He expressed a willingness to participate in Drug Programs.
   Findings of Fact: This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   Basis: Your admission.

**Charge No. 2 - Failure to Report to Community Supervision Officer as Directed:**
   Evidence Presented: The subject denied the above charge.

Fields, Anthony, Reg. No. 18555-083                    Page 2 of 4

88

**Findings of Fact:** This examiner makes no finding concerning the above charge.
**Basis:** The Commission has determined that the seriousness of the Law Violation in Charge No. 5 outweighs the need to make a finding on this charge.

**Charge No. 3 - Violation of Special Condition by failing keep appointments (DAPS):**
**Evidence Presented:** The subject the above charge.
**Findings of Fact:** This examiner makes no finding concerning the above charge.
**Basis:** The Commission has determined that the seriousness of the Law Violation in Charge No. 5 outweighs the need to make a finding on this charge.

**Charge No. 4 - Violation of Special Condition by failing keep appointments with the Family Health Center:**
**Evidence Presented:** The subject denied the above charge.
**Findings of Fact:** This examiner makes no finding concerning the above charge.
**Basis:** The Commission has determined that the seriousness of the Law Violation in Charge No. 5 outweighs the need to make a finding on this charge.

**Charge No. 5 - Law Violation - Attempted Distribution of Cocaine:**
**Violation Behavior:** The subject was arrested on 9/19/2007 after he participated in a $40 sale of crack cocaine. When arrested he had an additional small quantity of crack cocaine in his possession. He was convicted 7/17/2008 in DC Superior Court. He was given as suspended sentence except for the 10 months he had already served. He also received 6 months on supervised probation.
**Evidence Presented:** The subject admitted the above charge. He acknowledged the drug problem and stated that he was participating in this drug sale in order to obtain drugs for his own use.
**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** Your conviction in DC Superior Court on 7/17/2008 and your admission.

**Discipline:** None.

**Release Plans:** Ms. Quarsel attended the hearing. Ms. Quarsel stated that she is the subject's mother and she is very supportive him. She indicated that she will offer residence. She stated that she lives in Tacoma Park, MD. She said that the subject has his own room at her home and he is welcome to be with her there.

Ms. Quarsel also expressed some concern over the way subject's parole on the way the subject's supervision has been handled. She does not believe that he has been given a fair opportunity. She urged the Commission to release her son as soon as possible.

The subject stated that he can find employment.

**Guideline Parameters**

**Severity Justification:** Category Three because it involved Attempted Distribution of Less than 1 Gram Crack Cocaine.

**Salient Factor Score:** 2

Fields, Anthony, Reg. No. 18555-083                     Page 3 of 4

*I did 24 months imprisonment*

Re-parole Guideline Range: 24-32

Evaluation: It is apparent that there were lengthy delays in scheduling this hearing. This examiner considered that in the recommendation being made.

This subject has a documented history of mental health issues. He also has a lengthy history of drug addiction. He acknowledged that at this hearing and took responsibility for drug use and the new criminal conduct that led to the new conviction. He seemed sincere in his expressed interest concerning drug treatment.

The new criminal conduct involved a very small amount of crack cocaine. The offense severity and guideline range is the same as it would be for the distribution of up 999 doses of some other type drug such as LSC or PCP. Based primarily on the small quantity of crack cocaine involved in this offense, this examiner is recommending the bottom of the guidelines. A 24 month sanction is substantial for this behavior.

The subject was in custody on the criminal charge for 10 months prior to execution of the warrant. An additional 14 months is recommended for a total of 24 months. *10 months imprisonment that was*

*NEVER SUBTRACT FROM MY SENTENCE*

Recommendation: Revoke the term of supervised release. You shall serve a new term of imprisonment of 14 month(s) from 7/19/2008, the date the warrant was executed. You are being given guideline credit for 10 months in custody prior to the execution of the warrant, total service of 24 months.

You shall serve a new term of supervised release of 46 month(s) following release from custody.

Conditions: Special Drug Aftercare and Special Mental Health Aftercare.

Statutory Interim Hearing: None.

Guideline Use: A departure from the guidelines at this consideration is not warranted.

Additional Text: Reminder: The original Judgment & Commitment Order needs to be reviewed to make certain this subject was on supervised release for felony of Contempt of Court.

[Signature]

JRH/PAH
February 18, 2009


Executive Reviewer's Comments:

Fields, Anthony, Reg. No. 18555-083    Page 4 of 4

I am to RECEIVE all CREDit toward the SERVICE of a term of imprisonment For any time I has spent in OFFicial detention PRior to the date the sentence COMMENCES

PRIVACY ACT REQUEST/FREEDOM OF INFORMATION ACT
REQUEST

Entitle to nowhere my Jail CREDit went

Consolidated Legal Center
FCI Beckley

The Attorney General, through the Bureau of Prisons (BOP), POSSESSES the sole authority to make CREDit determination pursuant to 18 U.S.C. § 3585(b)

Dear Sir or Madam: So I am asking for in write which sentenced or my 10 months so

This will request disclosure of copies of information, records, and other materials relating to me, including materials identified by or in reference to a personal identifer assigned to my name, contained within the files of your agency, including but not limited to the agency files (identify the name and number of the system of record, if known; if not, identify the type of record kept, or reason for the agency retention of it, or purpose of the individual submission to the agency, and dates, etc.):

that 10 months put me out the door all Jail credit

My NEW charge I had a Suspend sentence

Under 18 U.S.C.S. § 3585 defendant shall be given credit for any time he has spent in official detention in March 4, 2009 U.S Parole commission give 24 months imprisonment sanction 10 months prior to Execution of the warrant I want to know why my 10 months was not credit and where did it go because my New charge time was suspended I am to Result Received all credit toward the service of a term of imprisonment.

I specifically request that this letter be treated under both the Freedom of Information Act, 5 U.S.C. § 552 et seq., and the Privacy Act, 5 U.S.C. § 552a et seq., to permit me maximum access to the available records within ten working days after your receipt of it.

I agree to pay reasonable charges for search and copying pursuant to regulations of the agency and terms of the statutes. If any material is deemed to be exempt, I request a specific statement of the portion deleted or withheld, a full statement of the reasons for the refusal, and specific citation of statutory authority for the denial.

I look forward to your response within ten days or earlier if possible. Thank you.

Sincerely,

Anthony Fields
Fed No. 18555-083

This the __1__ day of __July__, __2015__.

Anthony Fields
Fed No. 18555-083
FCI Beckley
Federal Institution
P.O. Box 350
Beaver, WV 25813

LEGAL MAIL

18555-083
US Dist Court
110 N Heber ST
S.D. of W.Va.
Beckley, WV 25801
United States

Clerk Office
District Court
Southern District of West Virginia
110 N. Heber Street
Beckley, West Virginia 25801

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURIS- DICTION, YOU WISH TO RETURN THE MATERIAL FOR ANY REASON FOR FURTHER INFORMATION. IF RETURN THIS ENCLOSURE TO THE ABOVE ADDRESS.

BECKLEY
BEAVER, WV